# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 08-729


**STATE OF LOUISIANA**

**VERSUS**

**JONATHAN RAY EASTERLING**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 04-3247
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**


**John Frederick Johnson**
**District Attorney**
**4001 Carter St., Suite 9**
**Vidalia, La 71373**
**(318) 336-5526**
**Counsel for Appellee:**
**State of Louisiana**

**Ann Sheridan Siddall**
**Attorney at Law**
**P. O. Box 1154**
**Vidalia, LA 71373**
**(318) 336-4267**
**Counsel for Appellee:**
**State of Louisiana**

**William A. Yarbrough**
**Attorney At Law**
**109 Carter St.**
**Vidalia,, LA 71373**
**(318) 336-8480**
**Counsel for Defendant:**
**Jonathan Ray Easterling**

**SAUNDERS, Judge.**

On June 28, 2006, the Defendant, Jonathan Ray Easterling, was charged by bill of information with oral sexual battery, a violation of La.R.S. 14:43.3. Following a bench trial held on May 20, 2008, the Defendant was found guilty as charged. The Defendant was sentenced on December 12, 2008, to serve five years at hard labor, without benefit of probation, parole or suspension of sentence, and was given credit for time served. The Defendant is now before this court on appeal, asserting that the State failed to prove an essential element of the offense. The Defendant also raises three additional assignments of error challenging his conviction. We find that the Defendant's conviction should be affirmed.

## FACTS:

In November, 2004, on more than one occasion, the Defendant, a nineteen-year- old male, performed oral sex on the victim, a seven- year-old male.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE:

By this assignment of error, the Defendant argues that the State did not present any evidence regarding the age of the Defendant or the age difference between the Defendant and the alleged victim. As such, the Defendant maintains that the State failed to prove an essential element of the offense, as required by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979).

Oral sexual battery is defined in La.R.S. 14:43.3, which reads, in pertinent part:

> A. Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.

The Defendant's written statement was taken on December 19, 2004, and was admitted into evidence at trial. The Defendant's date of birth is indicated at the top of the statement, November 24, 1985, and that he was nineteen years old at the time the statement was written. Also, Deputy Amos Coley testified as to the content of the statement, confirming that it reflected the Defendant's date of birth and his age at the time the statement was written. The Defendant's date of birth is also provided on his arrest warrant which was also admitted into evidence at trial. As such, the trial court was presented with evidence of the Defendant's age at the time of the offense.

With regard to the age difference, the victim testified at trial that he was nine years old. Also, the Defendant's arrest warrant reflects that the victim was seven years old at the time of the offense. Thus, it is clear from the evidence submitted at trial that the Defendant was more than three years older than the victim at the time of the offense and that the victim had not reached the age of fifteen at the time of the offense. Accordingly, there is no merit to the Defendant's argument.

## ASSIGNMENT OF ERROR NUMBER TWO:

This assignment of error is twofold. First, the Defendant argues that his confession was not given freely and voluntarily. Second, the Defendant contends that the trial court failed to allow the testimony of Mary Huhn, the Concordia Parish School Board Special Education Supervisor, as to her opinion regarding the Defendant's ability to understand his rights and the waiver of same based on his educational limitations.

2

At trial, Deputy Amos Coley testified that he was the arresting officer and had read the Defendant his constitutional rights at the time he was arrested. Upon their arrival at the sheriff's office, Deputy Coley read the Defendant his rights again and had him sign an advice of rights form confirming same. The Defendant indicated to Deputy Coley that he understood his rights. Further, Deputy Coley stated that the Defendant did not seem to be under the influence of alcohol or drugs, nor did he seem impaired in any way. Deputy Coley denied forcing the Defendant to sign the form, and he denied offering or giving the Defendant anything of value to entice him to sign the form. According to Deputy Coley, the Defendant signed the form freely and voluntarily.

With regard to the written statement that followed, Deputy Coley testified that he was present when the written statement was taken from the Defendant and witnessed the Defendant actually writing his statement. Deputy Coley also stated that he witnessed the Defendant sign and date the statement. Again, Deputy Coley denied forcing the Defendant to give the statement, or making any promises or offering him anything of value to entice the Defendant to give a statement. Lastly, Deputy Coley denied beating or threatening the Defendant to give a statement.

The Defendant's statement began at 1:40 p.m. and ended at 2:45 p.m. During this time, Deputy Coley indicated that the Defendant did not write the entire time, but started and stopped, taking an hour to write the statement. Deputy Coley denied interrogating the Defendant during this time. On cross-examination, Deputy Coley had no other explanation as to why it took the Defendant an hour and five minutes to write his ten-line statement.

Next, the Defendant called Mary Huhn to testify as to the voluntariness of the Defendant's statement. Ms. Huhn stated that prior to being the special education

3

director, she was a school psychologist. She obtained a bachelor's degree in special education, then a master's degree in school psychology and then became certified so she could be supervisor of special education. She did not hold any type of doctorate degree. Ms. Huhn had never testified in court regarding special education testing, nor had she been qualified to testify about the same. She explained that the type of testing done on special education students depends of the referral concern, such as academic, social/emotional or cognitive concerns.

When Ms. Huhn was tendered as an expert in testing under the areas of concern she had described, the State objected on the basis that she did not hold a Ph.D. and had never testified as an expert. As such, the State objected to her opinion testimony relating to any records for which she was a custodian. The State noted that it would not object to her testimony if it involved her testing of the Defendant while he was in school or to the introduction of such records. The State objected, however, to any opinion she may have derived from any testing.

The trial court initially agreed to allow Ms. Huhn to testify and give an opinion on a limited basis regarding the Defendant's educational propensities and the like. The State followed with the argument that the Defendant's mental competency was not an issue because he had not requested a sanity commission. As such, the State maintained that his capacity to stand trial was not at issue and that the evidence was irrelevant. The Defendant re-urged that the evidence was going to the voluntariness of his statement. The trial court concluded that the voluntariness of the statement had already been addressed and ruled that it would not allow Ms. Huhn to testify.

On appeal, the Defendant asserts that the State bears the burden of proving the voluntariness of a confession or inculpatory statement and that he intelligently waived his *Miranda* rights. If the State meets its burden, then the burden shifts to the

4

Defendant to prove a mental defect which renders him unable to understand his rights and that he was incompetent to waive them. The Defendant maintains that the testimony of Ms. Huhn was his attempt to meet this burden.

In support of his argument, the Defendant refers to *State v. Bordelon*, 597 So.2d 147 (La.App. 3 Cir.) *writ den.*, 600 So.2d 678 (La. 1992). In *Bordelon*, the court summarized the jurisprudence on this issue as follows:

> To meet its burden, the State may rely on the presumption of sanity provided in La.R.S. 15:432. *State v. Ashworth*, *supra*. Because of this presumption, defendant has the burden of proving a mental defect which renders him unable to understand his rights and, therefore, incompetent to waive them. *State v. Glover*, 343 So.2d 118 (La.1976), on rehearing. The State is not required to negate a defendant's mental abnormality, but it must prove beyond a reasonable doubt that the confession or statement a defendant gave was voluntary. Defendant must then prove the existence of a mental defect or disorder that prevented his confession or statement from being intelligently and voluntarily made. The law is clear that, when the issue is whether an accused's level of intellectual capacity precludes him from effectively understanding the essential nature of his right to remain silent, to have assistance of counsel, and of the consequences of his speech, much discretion is accorded to the trial court's determination. *State v. Lefevre*, 419 So.2d 862 (La.1982); *State v. Mire*, 492 So.2d 180 (La.App. 3 Cir.1986), *writ den*., 496 So.2d 347 (La.1986).

*Id*. at 149-50. In an attempt to prove the existence of a mental defect or disorder that prevented his confession or statement from being intelligently and voluntarily made, the defendant in *Bordelon* offered the testimony of a board certified social worker who held a master's degree in social work and had been recognized as an expert in the field of psychiatric social work. The State objected to the witness' diagnostic opinion which was sustained by the trial court because it did not know whether a board certified social worker or a psychiatric social worker could make a diagnosis. On appeal, the court held that the record was sufficient to recognize the witness as an expert in the field of psychiatric social work, and thus, the trial court erred in not allowing his testimony concerning his evaluation of the defendant.

In the instant case, we find that the Defendant did not show that Ms. Huhn was qualified to testify as to the existence of a mental defect or disorder that prevented his statement from being intelligently and voluntarily made. First, Ms. Huhn's experience is in the field of special education, which she testified includes academic, social/emotional or cognitive concerns. She also stated that she has extensive experience and training in testing students for same. Although Ms. Huhn's testimony may show that the Defendant had academic, social/emotional or cognitive deficits, she did not indicate that she was qualified to render a diagnostic opinion as to the Defendant's ability to understand the rights he waived prior to giving his statement. Also, Ms. Huhn has never been qualified as an expert in court. As such, we find that the Defendant has not shown that the trial court abused its discretion.

Considering the evidence and testimony presented at trial, this court finds that the Defendant has not shown that his statement was not given freely and voluntarily. There was no evidence that he was forced or enticed to make a statement. Although a significant amount of time elapsed while the Defendant was writing his ten-line statement, there was no evidence to suggest that anything else was going on in the room while the Defendant was writing his statement. Additionally, there was no evidence presented to suggest that the Defendant was not mentally capable of waiving his rights. The Defendant did not show that Ms. Huhn was an expert qualified to testify as to the Defendant's ability to understand his rights. Accordingly, this assignment of error is without merit.

**ASSIGNMENT OF ERROR NUMBER THREE:**

In his final assignment of error, the Defendant argues that the trial court should have allowed the testimony of Johnny Loomis, an investigator with the district attorney's office. Mr. Loomis was called by the Defendant to testify about the

6

criminal history of the victim's father, specifically child molestation, and that the victim was in his father's custody at the time of the offense. The State objected to this line of questioning based on relevance. The trial court held that the testimony was irrelevant because the victim's father had not been called as a witness.

Next, the Defendant asserted that Mr. Loomis served as the victim's father's probation officer prior to working for the district attorney's office and had independent knowledge of his criminal history. The Defendant urged that the victim's father could have influenced the child in a way to deflect from the true perpetrator. The trial court held that the Defendant's theory that the victim's father was familiar with the subject matter and somehow influenced the child was far too speculative.

On appeal, the Defendant asserts that evidence concerning the victim's father is relevant based on the victim's testimony that his father talks to him a lot to make sure the victim "still knows." The reference to the record involving the victim's testimony reads as follows:

> **Q** Other than talking to the district attorney, here, who else have you talked to about this?
>
> **A** I talked to my dad because he always asks me sometimes. He asks me a lot of times to make sure that I still know.

Considering the victim's testimony, this court finds that the Defendant did not show that Mr. Loomis' testimony was relevant. The trial court's finding that the Defendant's theory was highly speculative was reasonable, considering the brief question and answer of the victim who was nine years old at the time of trial with regard to who he spoke to about the allegations. Also, the victim's father was not called to testify at trial, and thus, the testimony could not be used as impeachment evidence. As such, the Defendant did not establish the relevance of Mr. Loomis' testimony.

**CONCLUSION:**

**AFFIRMED.**